## City Court.

*Trial Term—March*, 1885.

GEORGE F. PEPPER *against* DAVID KISCH ET AL.

A salesman employed "to travel through the southern part of the United States," and to follow the instructions of the persons "thus employing him," cannot be required against his will to travel through other territory, and refusal so to do does not authorize his discharge.

*Jas. Dunne*, for plaintiff.

*S. Wolf* and *H. Townley*, for defendant.

McADAM, Ch. J.—The language of the contract is that George F. Pepper "has to travel through the southern part of the United States, and will have to follow the instructions of the parties thus employing him." The words, "has to travel through the southern part of the United States," exclude the implication that he is to travel anywhere else. The instructions the plaintiff was to follow applied to a person thus employed,—that is, to a person employed to travel in the Southern States and Territories. A person employed to sell goods in the South can not be compelled against his will to sell goods during the winter cold in Canada. He might not be known there, nor might he be able to endure the climate. It is only breaches of an express or implied condition of the contract that justify either party in putting an end to it. The words "and will have to obey the instructions of the parties *thus* employing him," on which the defendants rely, meant that while on his southern trip he was to be under his employer's instructions. The law would have implied as much if this expression had not been used, and it

carries with it no greater force than the law would have applied to the contract.

The case went the jury on the question of performance of services in the Southern States and willingness to continue such performance, and the jury found in favor of the plaintiff for $1,384.38.

The judgment entered on this verdict was affirmed on appeal by the general term of the city court and common pleas.